FILED
2022 Sep-08 PM 02:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| VERONICA BANDY-FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION NUMBER:** |
| v. | ) | |
| | ) | |
| CITY OF TARRANT, ALABAMA, and WAYMAN A. NEWTON in His Individual Capacity, and JOHN "TOMMY" BRYANT in His Individual Capacity, | ) | **PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY** |
| | ) | |
| Defendants. | ) | |

# COMPLAINT

## JURISDICTION AND VENUE

1. Plaintiff Veronica Bandy-Freeman brings this action to address the civil rights violations she has suffered from the City of Tarrant and Mayor Wayman A. Newton. She brings claims under 42 U.S.C. § 1983 as well as Alabama tort law.

2. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper under 28 U.S.C. §1391, as the Plaintiff is employed by the Defendant in Jefferson County, Alabama.

## PARTIES

4. The Plaintiff, Veronica Bandy-Freeman, is an African American resident of the City of Tarrant which is in Jefferson County, Alabama.

5. Mrs. Freeman is over 19 years of age.

6. Defendant City of Tarrant, is a municipal corporation, organized and existing under the laws of the State of Alabama.

7. The City of Tarrant uses a mayor-council form of government with a city council consisting of five (5) members.

8. The City of Tarrant's mayor is Defendant Wayman Newton.

9. Defendant Wayman Newton is a resident of Jefferson County, Alabama, and is over 19 years of age.

10. Defendant Newton is an attorney who was admitted to the State of Alabama Bar in April 2010.

11. Defendant Newton is the Mayor of the City of Tarrant.

12. Defendant John "Tommy" Bryant is a Caucasian American resident of the City of Tarrant which is in Jefferson County, Alabama.

13. Mr. Bryant is over 19 years of age.

14. Defendant Bryant is a City Councilman of the City of Tarrant.

## FACTUAL BACKGROUND

15. Mrs. Freeman serves as a member of the Tarrant City Council representing District 1.

16. Beginning in the fall of 2021, after Mrs. Freeman did not vote in a manner which Defendant Newton wanted, Defendant Newton called Mrs. Freeman a "house n*****" to at least one City of Tarrant employee.

17. In a phone call after Mrs. Freeman did not vote the way Defendant Newton wanted concerning Hatcher Wrecker Services, Defendant Newton hurled profanities at Mrs. Freeman and told Mrs. Freeman she was doing a disservice to her constituents, called her stupid, said she was being controlled by white council members, and called her a "house n*****."

18. Thereafter, Defendant Newton regularly used crude, foul, and hateful language towards Mrs. Freeman.

19. Then, on or about June 21, 2021, in a meeting of the Tarrant City Council in Tarrant City Hall, Defendant Newton again repeated the racial slurs about Mrs. Freeman. In the meeting of June 21, 2021, Defendant Newton called Mrs. Freeman "an uneducated house n*****" as well as telling her she was "fluffy" and "stupid."

20. Mrs. Freeman was humiliated, hurt, degraded, belittled, and angered by Defendant Freeman's language.

21. Because Mrs. Freeman is obligated to work with Defendant Newton through her City Council role, she was not free to avoid or escape Defendant Newton's language.

22. Thereafter, at subsequent meeting of the Tarrant City Council, Defendant Councilman Tommy Bryant also publicly identified Councilwoman Freeman a "house n*****".

23. Defendant Bryant's statements were hurtful, humiliating and degrading to Mrs. Freeman, and caused her great emotional upset and caused her to have to leave the council meeting.

24. Defendant Newton also asked a detective who worked for the City of Tarrant to conduct a background check on Mrs. Freeman in order to discover and obtain Mrs. Freeman's personal and private information.

25. However, Defendant Newton had no probable cause or any good reason to conduct a background check on Mrs. Freeman.

26. In fact, Defendant Newton called Mrs. Freeman's landlord and attempted to use his title and position to pressure Mrs. Freeman's landlord into sharing her personal (non-public) information about Mrs. Freeman's rent and finances.

27. Defendant Newton also sought other personal and private information about Mrs. Freeman from another employee of the City of Tarrant inquiring about Mrs. Freeman's participation in a state-wide government assistance program.

28. Defendant Newton took actions to interfere with and limit Mrs. Freeman's ability to do her job and represent her constituents.

29. Defendant Newton denied Mrs. Freeman access to employees, including the employees of the electric department over which Mrs. Freeman was serving as the City Council's appointed representative.

30. Defendant Newton denied Mrs. Freeman's request to attend a conference dealing with municipal electrical departments in Alabama, and refusing to timely reimburse her for expense that had been properly submitted to the City.

31. Defendant Newton, intentionally or wantonly, blocked Mrs. Freeman from participating in City Council via live-streams on Facebook.

32. Defendant Newton, intentionally or wantonly, blocked Mrs. Freeman from making comments on the City's official Facebook page.

33. Defendant Newton frequently and regularly raised his voice to speak with Mrs. Freeman and screamed "f*** you" at her as well as using other obscenities.

34. Defendant Newton's conduct frightened Mrs. Freeman.

35. Defendant Bryant's conduct frightened Mrs. Freeman as well.

36. On or about July 17, 2021, Mrs. Freeman filed a "notice of claim" with the City of Tarrant putting it, as well as Defendant Newton and others, on notice of her claims for discrimination as well as tort claims.

37. After Mrs. Freeman filed her "notice of claim," Defendant Newton refused to approve and/or issue reimbursement payments of approximately $540.28 due to Mrs. Freeman for attending functions on behalf of the City of Tarrant.

38. On or about July 13-15, 2021, Mrs. Freeman attended the CMO Conference in Montgomery, Alabama for which she was not reimbursed.

39. On or about August 10, 2021, Mrs. Freeman attended a luncheon with U.S. Congressman Terri Sewell for which she was not reimbursed,

40. In refusing to approve the reimbursement, the Defendant Mayor said the basis of his refusal was that Mrs. Freeman had filed an active lawsuit, when in fact, she had not done so.

41. Defendant Newton refused to reimburse Mrs. Freeman because he claimed that Mrs. Freeman had an active lawsuit against the City.

42. In fact, Mrs. Freeman had not filed suit against the City, but had exercised her lawful right to complain of discrimination and tortious conduct to the United States Equal Opportunity Employment Commission.

43. The City of Tarrant has a Facebook page which can be found at https://www.facebook.com/cityoftarrant/

44. The Facebook page contains the following language in its "about" section:

> We are the official FB page for Tarrant, Alabama. We want to keep folks informed about events and people affecting our community. Constructive feedback is always welcome. So are

> compliments! Please keep comments clean, appropriate and relevant to topics.
>
> This is the official FB page for Tarrant City Hall. We're here to keep the public informed of matters affecting them, as well as to serve as an open forum for residents and neighbors.

45. Since Mrs. Freeman has filed her “notice of claim,” Defendants Newton and the City of Tarrant have blocked Mrs. Freeman from being able to make comments on the City of Tarrant’s Facebook page.

46. Defendants Newton and the City of Tarrant have blocked Mrs. Freeman from being able to make comments on the City of Tarrant’s Facebook page despite the City’s promise on the page that it is an open forum where constructive feedback is welcome, and Mrs. Freeman being a citizen of the City of Tarrant.

**COUNT I**
**42 USC §1983**
**FIRST AMENDMENT VIOLATION – WAYMAN NEWTON**

47. The Free Speech Clause of the First Amendment to the United States Constitution, incorporated and made applicable to states by the Fourteenth Amendment, protects the rights of citizens as well as elected officials to speak as citizens on matters of public concern.

48. Mrs. Freeman is guaranteed the right to freedom of speech through the First Amendment to the United States Constitution.

49. Mrs. Freeman's right to freedom of speech extends to her right to participate in Facebook livestreams of the City Council and post on the City of Tarrant's Facebook page.

50. Mrs. Freeman exercising her right to freedom of speech would not impact or harm the performance of her duties as a member of the City Council or threaten the City of Tarrant's ability to administer public services.

51. When Defendant Newton restricted Mrs. Freeman's ability to comment on the City of Tarrant's Facebook page and/or participate in a Facebook livestream, he was acting under color of state law because he was using his authority as the mayor of the City of Tarrant to take those actions.

52. When Defendant Newton restricted Mrs. Freeman's ability to comment on the City of Tarrant's Facebook page and/or participate in a Facebook livestream, he deprived her of her constitutionally secured right to freedom of speech.

53. Because of Defendant Newton's legal education and time spent practicing law, he knew that using the power of the government to restrict Mrs. Freeman's ability to comment on the City of Tarrant's Facebook page and/or participate in a Facebook livestream was a violation of her First Amendment rights and was prohibited by the United States Constitution.

54. Defendant Newton's deprivation of Mrs. Freeman's rights secured by the First Amendment caused her harm and injury.

**WHEREFORE, PREMISES CONSIDERED**, Mrs. Freeman requests that this Honorable Court enter a judgment against the City of Tarrant pursuant to 42 U.S.C. §1983 through for:

a. Compensatory damages to be determined by the trier of fact;
b. Punitive damages to be determined by the trier of fact;
c. Injunctive relief, including, but not limited to, reinstating Mrs. Freeman's; ability to post and comment on the City of Tarrant's Facebook page;
d. Declaratory relief;
e. That relief which is fair, just and equitable;
f. Costs, including reasonable attorney's fees;

**COUNT II**
**42 USC §1983**
**EQUAL PROTECTION CLAUSE VIOLATION – WAYMAN NEWTON**

55. The Fourteenth Amendment to the United States Constitution protects the rights of citizens to be treated equally by the government under the law regardless of race.

56. The Fourteenth Amendment to the United States Constitution protects citizens from race discrimination from the government and government officials.

57. Defendant Newton is African American.

58. Defendant Newton expected Mrs. Freeman, who is also African American, to blindly support his agenda and vote consistently with his positions and agenda because of her race.

59. Defendant Newton expected Mrs. Freeman's loyalty to him because of her race.

60. When Mrs. Freeman did not vote consistently with Defendant Newton's positions and agenda, on numerous occasions he called her a "house n*****."

61. Defendant Newton's use of racial slurs to address Mrs. Freeman were not only humiliating and degrading to Mrs. Freeman but also served to interfere with Mrs. Freeman's ability to perform her duties as a member of the City Council by causing strife and undermining the effectiveness of meetings.

62. When Mrs. Freeman did not exhibit racial loyalty to Defendant Newton and his agenda, he took actions to frustrate her ability represent her constituents and fulfill her duties as a member of the City Council, ranging from things as petty as refusing to replace her nameplate after it went missing to denying her the ability to participate in public comment and a meeting.

63. Defendant Newton took these actions against Mrs. Freeman because of her race.

64. Defendant Newton took these actions using the power of the government of the City of Tarrant that he possessed as the mayor.

65. Defendant Newton, acting under the color of state law, deprived Mrs. Freeman of her right to be free from race discrimination as secured by the Equal Protection Clause of the United States Constitution.

66. Defendant Newton through his legal education and the practice of law knows that the use of a racial epithet constitutes discrimination because of race and that a government official treating someone negatively because of his or her race violates the Equal Protection Clause contained in the Fourteenth Amendment to the United States Constitution.

67. When Defendant Newton called Mrs. Freeman a "house n*****" and treated her adversely for not being race loyal, he knew that he was violating her Equal Protection rights.

68. Defendant Newton's deprivation of Mrs. Freeman's equal protection rights caused her harm and injury.

WHEREFORE, PREMISES CONSIDERED, Mrs. Freeman requests that this Honorable Court enter a judgment against Defendant Newton in his individual capacity pursuant to 42 U.S.C. §1983 through for:

a. Compensatory damages to be determined by the trier of fact;
b. Punitive damages to be determined by the trier of fact;
c. Injunctive relief, including, but not limited to, reinstating Mrs. Freeman's ability to post and comment on the City of Tarrant's Facebook page;

d. Declaratory relief

e. That relief which is fair, just and equitable;

f. Costs, including reasonable attorney's fees;

g. The City of Tarrant has a policy and/or custom of allowing its mayor to make decisions about payments to City Council members for expenses incurred.

**COUNT III**
**42 USC §1983**
**EQUAL PROTECTION CLAUSE VIOLATION –**
**JOHN "TOMMY" BRYANT**

69. The Fourteenth Amendment to the United States Constitution protects the rights of citizens to be treated equally by the government under the law regardless of race.

70. The Fourteenth Amendment to the United States Constitution protects citizens from race discrimination from the government and government officials.

71. Defendant Bryant is a Caucasian American male.

72. Defendant Bryant's use of racial slurs to identify and address Mrs. Freeman were not only humiliating and degrading to Mrs. Freeman but also served to interfere with Mrs. Freeman's ability to perform her duties as a member of the City Council by causing strife and undermining the effectiveness of meetings.

73. Defendant Bryant took these actions against Mrs. Freeman because of her race in an effort to use her race as a pawn in Defendant Bryant's political issues with Mayor Newton and others.

74. Defendant Bryant took these actions using the power of the government of the City of Tarrant that he possessed as a councilman.

75. Defendant Bryant, acting under the color of state law, deprived Mrs. Freeman of her right to be free from race discrimination as secured by the Equal Protection Clause of the United States Constitution.

76. Defendant Bryant knows that the use of a racial epithet constitutes discrimination because of race and that a government official treating someone negatively because of his or her race violates the Equal Protection Clause contained in the Fourteenth Amendment to the United States Constitution.

77. When Defendant Bryant called Mrs. Freeman a "house n*****" and treated her adversely for not being white, he knew that he was violating her Equal Protection rights.

78. Defendant Bryant's deprivation of Mrs. Freeman's equal protection rights caused her harm and injury.

WHEREFORE, PREMISES CONSIDERED, Mrs. Freeman requests that this Honorable Court enter a judgment against Defendant Bryant in his individual capacity pursuant to 42 U.S.C. §1983 through for:

h. Compensatory damages to be determined by the trier of fact;
i. Punitive damages to be determined by the trier of fact;
j. Declaratory relief
k. That relief which is fair, just and equitable;
l. Costs, including reasonable attorney's fees;

**COUNT IV**
**42 USC §1983**
**EQUAL PROTECTION CLAUSE VIOLATION – CITY OF TARRANT**

79. The Fourteenth Amendment to the United States Constitution protects the rights of citizens to be treated equally by the government under the law regardless of race.

80. The Fourteenth Amendment to the United States Constitution protects citizens from race discrimination from the government and government officials.

81. The City of Tarrant does not have in place any policies and/or procedures to protect its citizens and/or city council members from racially discriminatory conduct by its mayor and city council members.

82. The City of Tarrant has a policy and/or custom of permitting its mayor and its city council members to treat other city council members in any way the

mayor or city council member(s) sees fit without any check on his/her conduct or mechanism for accountability other than the mayoral election.

83. As a result of the City of Tarrant's policy and/or custom of not providing any policies, checks, oversight, and/or mechanisms for accountability on the conduct of its mayor, the City of Tarrant has permitted its mayor, Defendant Newton, and its councilman, Defendant John "Tommy Bryant" to engage in racially discriminatory conduct.

84. Defendant Newton on numerous occasions has used the racial slur "house n*****" to characterize, address, and/or refer to Mrs. Freeman.

85. Defendant Bryant also used the racial slur "house n*****" to characterize, address, and/or refer to Mrs. Freeman.

86. Defendant Newton's and Defendant Bryant's use of racial slurs to address Mrs. Freeman were not only humiliating and degrading to Mrs. Freeman, but also served to interfere with Mrs. Freeman's ability to perform her duties as a member of the City Council by causing strife and undermining the effectiveness of meetings.

87. Defendant Newton and Defendant Bryant used these racial slurs and took these actions against Mrs. Freeman because of her race.

88. When Mrs. Freeman did not exhibit racial loyalty to Defendant Newton and his agenda, Defendant Newton took actions to frustrate her ability represent

her constituents and fulfill her duties as a member of the City Council, ranging from things as petty as, refusing to replace her nameplate after it went missing, to denying her the ability to participate in public comment and a meeting.

89. Defendant Newton took these actions against Mrs. Freeman because of her race.

90. Defendant City of Tarrant's policy and/or custom of not providing any policies, checks, oversight, and/or mechanisms for accountability on the conduct of its mayor and its council members, caused Mrs. Freeman to suffer racially discriminatory conduct and lose the protection against discrimination guaranteed by the Fourteenth Amendment.

91. The City of Tarrant's deprivation of Mrs. Freeman's equal protection rights caused her harm and injury.

WHEREFORE, PREMISES CONSIDERED, Mrs. Freeman requests that this Honorable Court enter a judgment against the City of Tarrant pursuant to 42 U.S.C. §1983 through for:

a. Compensatory damages to be determined by the trier of fact;
b. Injunctive relief, including, but not limited to, reinstating Mrs. Freeman's; ability to post and comment on the City of Tarrant's Facebook page;
c. Declaratory relief;
d. That relief which is fair, just and equitable;

g. Costs, including reasonable attorney's fees;

**COUNT V**
**INVASION OF PRIVACY**
**WAYMAN NEWTON**

92. Defendant Newton took actions seeking to invade Mrs. Freeman's privacy by contacting her landlord to obtain private information about Mrs. Freeman's rent and finances, asking a City of Tarrant detective to obtain information about her that was not publicly available, and interrogating at least one City of Tarrant employee about Mrs. Freeman's private information.

93. Defendant Newton's intrusion into Mrs. Freeman's private activities caused her shame, humiliation, worry, and worry because it caused the perception and raised the inference she had done something illegal or wrong.

94. Defendant Newton's prying or intrusion into her private affairs and concerns was offensive and objectionable to her.

95. Defendant Newton invaded Mrs. Freeman's privacy, causing her injury.

WHEREFORE, PREMISES CONSIDERED, Mrs. Freeman requests that this Honorable Court enter a judgment against Defendant Newton in his individual capacity for invasion awarding:

a. Compensatory damages to be determined by the trier of fact;

b. Punitive damages to be determined by the trier of fact;

c. Injunctive relief, including, but not limited to, reinstating Mrs. Freeman's ability to post and comment on the City of Tarrant's Facebook page;

d. Declaratory relief;

e. That relief which is fair, just and equitable;

f. Costs, including reasonable attorney's fees;

g. The City of Tarrant has a policy and/or custom of allowing its mayor to make decisions about payments to City Council members for expenses incurred.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

(REMAINDER OF THIS PAGE LEFT BLANK)

(SIGNATURE PAGES TO FOLLOW)

Respectfully submitted this the 8th day of September, 2022.

*/s/ John H. England, Jr.*
John H. England Jr.
*Counsel for Plaintiff*

43 Woodbine Rd
Tuscaloosa, AL 35405-5041
Telephone: (205) 464-8255
Facsimile: (205) 464-8876

*/s/ Heather Leonard*
Heather Leonard (ASB-1152-061H)
Heather@heatherleonardpc.com
*Counsel for Plaintiff*

**Of Counsel:**
**HEATHER LEONARD PC**
2105 Devereux CIrcle
Vestavia Hills, AL 35243
Telephone: (205) 977-5421

*/s/ Ruth B. McFarland*
Ruth B. McFarland (ASB-7051-E58R)
ruth@winmclaw.com
*Counsel for Plaintiff*

*/s/ Bryan P. Winter*
Bryan P. Winter (ASB-3369-I63B)
bwinter@winmclaw.com
*Counsel for Plaintiff*

**Of Counsel:**
**WINTER MCFARLAND, LLC**
3515 Watermelon Road
Northport, AL 35473
Telephone: (205) 650-1400
Facsimile: (205) 650-1400

**<u>PLEASE ISSUE A SUMMONS AND A COPY OF THIS COMPLAINT TO PLAINTIFF FOR SERVICE ON THE DEFENDANTS VIA PRIVATE PROCESS SERVER PURSUANT TO ALABAMA RULES OF CIVIL PROCEDURE 4(I)(1)(B), AND FEDERAL RULES OF CIVIL PROCEDURE 4(E)(1), AS FOLLOWS</u>:**

Defendant Wayman Newton
c/o The City of Tarrant
1133 East Lake Blvd
Tarrant, AL 35217
205-849-2800

Defendant John "Tommy" Bryant
c/o The City of Tarrant
1133 East Lake Blvd
Tarrant, AL 35217
205-849-2800

Defendant City of Tarrant
c/o Clerk of the City of Tarrant
LaShawn Pegues
1133 East Lake Blvd
Tarrant, AL 35217
205-849-2800